# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADEYEMI OLAWALE OLATUNBOSUN | : | |
| Petitioner | : | CIVIL ACTION NO. 1:09-1301 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| DISTRICT DIRECTOR of IMMIGRATION CUSTOMS ENFORCEMENT; et al | : | |
| | : | |
| Respondents | | |

# REPORT AND RECOMMENDATION

On July 8, 2009, the petitioner filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his detention pending his removal from the United States. (Doc. No. 1). An order to show cause was issued on August 25, 2009. (Doc. No. 7). A response to the petition was filed on September 14, 2009. (Doc. No. 8). On October 14, 2009 the petitioner filed his traverse and exhibits. (Doc. Nos. 11 and 12). On December 17, 2009 the Respondents filed a Notice with the Court indicating that the petitioner was removed and returned to his native country of Nigeria. (Doc. No. 13). A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction–in other words, if the petitioner is challenging solely his custody and not the cause of it–he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[1] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to

---

[1] In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

2

removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the instant petition is moot. The petitioner has been removed from the United States and is no longer subject to detention pending removal. Therefore, the petitioner has received the relief he sought in this court, and there is nothing more that the court could do for him.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petitioner's petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: December 29, 2009
O:\shared\REPORTS\2009 Reports\09-1301-01.wpd

3