# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADEYEMI OLAWALE OLATUNBOSUN,** | : | **CIVIL ACTION NO. 1:09-CV-1301** |
| | : | |
| | : | **(Judge Conner)** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT DIRECTOR OF IMMIGRATION CUSTOMS ENFORCEMENT**, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 20th day of January, 2010, upon consideration of the report (Doc. 14) of the magistrate judge, recommending that petitioner's request (Doc. 1) for habeas corpus relief be dismissed as moot, and, following an independent review of the record, it appearing that petitioner challenged his detention pending removal, (see Doc. 1), and that he was removed from the United States on or before December 17, 2009, (see Doc. 13), and it further appearing that there is no clear error on the

face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 14) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for habeas corpus relief is DISMISSED as moot.

3. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.